UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KHALIF WASHINGTON and CYIRELL LOMAX,

              Plaintiffs,

            -against-

THE CITY OF NEW YORK, P.O. DAVID TETA [SHIELD # 30870], SERGEANT STANLEY XENAKIS, SERGEANT ANDREWS, and JOHN DOE AND JANE DOE (the names John and Jane Doe being fictitious, as the true names are presently unknown),

              Defendants.
-------------------------------------------------------------X

Case No.

CV 12-4321

COMPLAINT

JURY DEMAND

COGAN, J.

Plaintiffs, KHALIF WASHINGTON and CYIRELL LOMAX, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. David Teta [Shield # 30870], Sergeant Stanley Xenakis, Sergeant Andrews, and John Doe and Jane Doe (collectively, "defendants"), respectfully allege as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiffs timely made and served their respective notices of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5. At least thirty days have elapsed since the service of aforesaid notices of claim and adjustments or payments thereof have been neglected or refused.

6. This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

## THE PARTIES

7. Plaintiffs are and were at all times material herein residents of the United States and the State of New York.

8. At all relevant times, defendants P.O. David Teta [Shield # 30870], Sergeant Stanley Xenakis, Sergeant Andrews, and John Doe and Jane Doe (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

9. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

10. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

11. Plaintiffs are suing the defendant officers in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. On or about March 16, 2012, at approximately 6:00 p.m., defendant officers, acting in concert, arrested the plaintiffs without cause at or close to 109-20 Rockaway Beach Boulevard, Queens, New York, and charged each plaintiff with PL 265.03 'Criminal possession of a weapon in the second degree', among other charges.

13. Plaintiffs, however, were not in possession of any weapons and did not commit any offense against the laws of New York City and/or State for which any of the arrests may be lawfully made.

14. Prior to the arrests, plaintiffs were sharing a taxi with two (2) other individuals and were traveling to Stella Maris High School located at 140 Beach 112th Street, Queens, New York, to watch and support some of their friends who were involved in a basketball game when the defendant officers suddenly pulled over the taxi without cause or reason.

15. After pulling over the taxi, the defendant officers without cause or reason directed the plaintiffs to step out of the taxi.

16. Plaintiffs were then immediately ordered by defendant officers to submit themselves to illegal search, with defendant officers harassing and threatening the plaintiffs and threatening to "blow off" Khalif's head.

17. Even though defendant officers did not find anything illegal, defendant officers nonetheless tightly handcuffed the plaintiffs with their hands placed behind their backs.

18. After falsely arresting the innocent plaintiffs, defendant officers transported the plaintiffs to the NYPD-100th Precinct.

19. Eventually, after detaining the plaintiffs at the precinct for a lengthy period of time, plaintiffs were transported to the Central Booking to await arraignment even though the plaintiffs did not commit any crime or offense and defendant officers did not find anything illegal from their unlawful and unreasonable search of the plaintiffs.

20. While plaintiffs were awaiting arraignment, defendant officers met with prosecutors employed by the Queens County District Attorney's Office.

21. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiffs were in possession of a weapon.
22. Based on the false testimony of the defendant officers, the prosecutors initiated criminal actions against the plaintiffs.
23. That bail was set to secure the release of each plaintiff.
24. Because neither plaintiff could make bail, plaintiffs were transported to Rikers Island Correctional Facility, and were incarcerated at said facility for several days following their arrest.
25. The defendant officers continued the malicious prosecution by offering false testimony to the Queens County Grand Jury.
26. On or about March 22, 2012, the false charges levied against the plaintiffs were summarily dismissed by the Queens County Grand Jury.
27. That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct or facility knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.
28. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.
29. As a result of the aforesaid actions by defendant officers, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, financial losses, and damage to reputation.

## FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

30. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 29 of this complaint as though fully set forth herein.
31. The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, failure to intervene, illegal and unreasonable stop, frisk, search and seizure, conspiracy, first amendment retaliation, abuse

|  |  |
|---|---|
|  | of authority, malicious abuse of process, fabrication of evidence, denial of right to a fair trial, violation of due process rights and malicious prosecution. |
| 32. | Such conduct violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. |
| 33. | Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally. |

## SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY

|  |  |
|---|---|
| 34. | By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 33 of this complaint as though fully set forth herein. |
| 35. | Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. |
| 36. | Additionally, defendant City of New York, acting through District Attorney Richard A. Brown and the Office of the District Attorney of the Queens County, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court. |

37. Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally strip searching, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs, who are black, on the pretext that they were involved in some crime or offense.

38. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009) (Weinstein, J.). *See also* the following cases filed in this district: *Tyquan Myrick v. City of New York* (12 CV 2410); *Cymantha Holly v. City of New York* (12 CV 1826); *Robert Stephens v. City of New York* (12 CV 1825); *Paul Lewis v. City of New York* (12 CV 1323); *James Burgess v. City of New York* (12 CV 1322); *Jeff Ores v. City of New York* (12 CV 535); *Alisha Brewster v. City of New York* (11 CV 4874); *Robert Cooper v. City of New York* (11 CV 4873, 11 CV 452); *Diane Dawson v. City of New York* (11 CV 4872); *Robert Rogers v. City of New York*, (11 CV 4870).

39. That the issue of arrest quotas has been recently decided and/or it has been conclusively determined that officers of the New York Police Department are permitted, as a policy and/or practice, to use quotas to make arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

40. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New

|     |     |
| --- | --- |
|     | York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein. |
| 41. | The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their persons and properties, to be free from abuse of process, the excessive use of force and the right to due process. |
| 42. | By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983. |

THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

|     |     |
| --- | --- |
| 43. | By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein. |
| 44. | In an effort to find fault to use against the plaintiffs, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution, because of their race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above. |
| 45. | In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive the plaintiffs of their constitutional and federal rights in violation of 42 U.S.C. § 1985. |
| 46. | As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated. |

## FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

47. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

48. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving the plaintiffs of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

49. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive the plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

50. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive the plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

51. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

## FIFTH CAUSE OF ACTION: ASSAULT AND BATTERY

52. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 51 of this complaint as though fully set forth herein.

53. The conduct of defendant officers, as described herein, amounted to assault and battery.

54. By reason of and as a consequence of the assault, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

55. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiffs' safety and security and failed to protect and/or safeguard plaintiffs' interests.

56. That defendant City of New York's failure to assure plaintiffs' safety and security was a proximate cause of plaintiffs' injuries.

## SIXTH CAUSE OF ACTION: NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to the plaintiffs.

59. Plaintiffs' emotional distress has damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, detention and imprisonment by defendants.

60. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SEVENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES

61. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to the plaintiffs to prevent the physical and mental abuse sustained by the plaintiffs.

63. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to the plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to the plaintiffs or to those in a like situation would probably result from such conduct described herein.

64. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

65. Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendants proximately caused plaintiffs' injuries.

66. Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant officers, plaintiffs incurred and sustained significant and lasting injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
August 28, 2012

UGO UZOH, P.C.

By: *[signature]* Ugochukwu Uzoh (UU-9076)
Attorney for the Plaintiffs
304 Livingston Street, Suite 2R
Brooklyn, NY 11217
(718) 874-6045